UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WAYNE GROSS,                    )
                                )
        Movant,                 )
                                )
    vs.                         )    No. 4:05-CV-488 CEJ
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

**MEMORANDUM AND ORDER**

This matter is before the Court on motion of Wayne Gross to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a memorandum in opposition.

**I. Background**

On December 11, 2003, Gross pled guilty to possession of a firearm while being an unlawful user of controlled substances (Count II), in violation of 18 U.S.C. § 922(g)(3); possession of more than five grams of cocaine base with intent to distribute (Count III), in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm during and in relation to a drug trafficking crime (Count IV), in violation of 18 U.S.C. § 924(c)(1). Contemporaneously with his guilty plea, Gross signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." During the change of plea colloquy, Gross stated under oath that he had read the document, discussed it with his counsel, and understood it. The Plea Agreement recites the minimum and maximum statutory penalties for each offense, and contains a provision stating that Gross's criminal history could result in his being designated an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.,

resulting in a mandatory minimum sentence of fifteen years' imprisonment. In addition, the Court specifically informed Gross that he could be sentenced to a minimum of fifteen years in prison. Gross stated under oath that he understood the possible penalties he faced.

On April 4, 2004, Gross was sentenced as an armed career criminal to concurrent terms of imprisonment of 188 months on each of Counts II and III and a term of imprisonment of 60 months on Count IV to run consecutively to the other terms of imprisonment, for an aggregate term of 248 months' imprisonment. Gross did not appeal the judgment.

In the present motion, Gross claims that he was denied effective assistance of counsel (1) by reason of his attorney's failure to advise him of the possibility of an enhanced sentence and (2) by reason of his attorney's failure to file a notice of appeal. He also asserts the Court's determination of the facts on which the sentence enhancement was based violated the rule announced in United States v. Booker, 543 U.S. 220 (2005).

**II. <u>Ineffective Assistance of Counsel</u>**

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Enhanced Sentence

Contemporaneously with his guilty plea, Gross signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." During the change of plea colloquy, Gross stated under oath that he had read the document, discussed it with his counsel, and understood it. The Plea Agreement recites the minimum and maximum statutory penalties for each offense, and contains a provision stating that Gross's criminal history could result in his being designated an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4., resulting in a mandatory minimum sentence of fifteen years' imprisonment. In addition, the Court specifically informed Gross that he could be sentenced to a minimum of 15 years in prison. Gross stated under oath that he understood the possible penalties he faced.

Gross's allegation that his attorney failed to explain to him or advise him of possibility that he could be sentenced as an armed career criminal is insufficient to sustain his claim of ineffective assistance of counsel. As discussed above, even if counsel's performance was deficient, Gross must still make a showing of prejudice. Here, Gross cannot show that he was prejudiced by his attorney's failure to inform him of the possibility of the enhanced

sentence because that information was provided to him in the Plea Agreement and by the Court. Despite knowledge of the enhanced penalty, Gross persisted in his guilty plea. He makes no contention now that he would have insisted on going to trial but for counsel's error.

### B. Notice of Appeal

Gross claims that his attorney did not carry out his instruction to file a notice of appeal. The government argues that Gross is not entitled to relief on this claim, because he knowingly and voluntarily waived his right to appeal all non-jurisdictional issues as part of the Plea Agreement.

"Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007), quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). In such a case, prejudice is presumed because the defendant has forfeited his right to appeal as a result of his counsel's error. Id. at 964. The court does not inquire into whether the intended appeal has merit or would be likely to succeed. Id. Furthermore, this presumption of prejudice applies where a defendant waives appellate rights as part of a plea agreement. Id. at 964 ("Although the waiver in Watson's plea agreement limits the circumstances under which he may take a direct appeal of his conviction or sentence, it does not foreclose appeal altogether.") A defendant whose counsel failed to file a notice of appeal despite being directed to do so has been denied effective assistance of

counsel and is entitled to resentencing so that he can file a timely appeal. Id.

In this case, Gross has filed a verified statement that he instructed his counsel to file a notice of appeal. No contrary evidence has been presented by the government. Thus, the Court must find the facts in favor of Gross and grant him relief on this claim. In accordance with Watson, the appropriate relief is a resentencing for the sole purpose of allowing Gross to file a timely notice of appeal.

Gross has the right to be represented by counsel at the resentencing hearing. If he again wishes to retain counsel, he may do so. If he wishes to request appointment of counsel, then he must submit a motion for appointment of counsel accompanied by a completed financial affidavit form for consideration by the Court. No attorney will be appointed before the motion and affidavit are received.

**III. Booker Claim**

Finally, Gross asserts that in determining his sentence the Court impermissibly relied upon aggravating factors not charged in the indictment or found by a jury. The rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), do not apply on collateral review. United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Thus, Gross is not entitled to relief on this claim.

For the foregoing reasons

**IT IS HEREBY ORDERED** that the motion of Wayne Gross to vacate, set aside or correct sentence [# 1] is **granted** only as to the claim of counsel's failure to file a notice of appeal. The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a financial affidavit form (Form CJA-23) to movant along with a copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that movant shall have until **April 21, 2008**, to file a motion for appointment of counsel and the completed financial affidavit form (Form CJA-23).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2008.